TERESA UMPIERRE Y ORTIZ DE ZÁRATE, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1039. Submitted February 10, 1939.—Decided February 25, 1939.

*Montilla, Riera & Hernández,* for appellant. The Registrar appeared by brief. *J. Suárez Zengotita,* for the *amicus curiae.*

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On December 7, 1938, Teresa Umpierre y Ortiz de Zárate petitioned the Registrar of Property of San Juan, second section, to cancel, under Act No. 12 of 1923 (Sess. Laws) a notice of attachment of a property belonging to her, entered by virtue of a judicial decree rendered on November 8, 1930.

The registrar refused the cancellation through the following note:

"The cancellation prayed for in the preceding document is hereby denied because it has been noticed that the said entry was extended by an order of the judge of the Municipal Court of Río Piedras dated November 6, 1934 'for such time as the case were pending before said Court'; and that it has not been shown that the same has been definitely decided, in accordance with Act No. 19, 1936; having taken instead cautionary notice. . . ."

The law applicable to the case is Act No. 12 approved on August 29, 1923, extraordinary session laws of that year, page 36, that provides in section 1, subdivision *b,* that:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective registry.

＊　　　　＊　　　　＊　　　　＊　　　　＊　　　　＊　　　　＊

"(*b*) Entries of attachments, prohibition to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. . . ."

From the time in which the entry was made—November 8, 1930—until the cancellation was prayed for—December 7, 1938—not four years, but over twice as long a period of time had elapsed.

But the entry was extended on November 6, 1934, that is to say, two days before the expiration of the term, and, therefore, the registrar is apparently correct inasmuch as the

statute orders the cancellation of notices of attachment that are over four years old, provided that they have not been extended by an order of the court where the cases are pending.

Now well, can the extension be considered valid in the manner in which it was granted?

It was granted "so long as the case were pending before said Court," the Municipal Court of Río Piedras, and the result has been that a case has been pending before a municipal court for over eight years before having decided it and it so can continue indefinitely.

Did the legislator have in mind such extensions of time? In no way. He expressly set forth in the statute that extensions of time should be granted only for due cause.

"On the other hand, we have no doubt that it was the intention of the Legislature," this Court held through its Associate Justice Mr. Franco Soto in *Llinás* v. *Registrar of Ponce,* 33 P.R.R. 885, 888, "to extinguish by operation of law all of the mentions and liens specified in the sections of the Act quoted in order that by the lapse of the different periods of time stated such defects as may exist in the titles by reason of the said liens may disappear, based, no doubt, on the theory of prescription whose purpose is to give stability to titles and prevent and put an end to litigation."

It also having been decided in *Belaval* v. *Córdova,* 21 P.R.R. 509; *Guardian Assurance Co.* v. *López Acosta,* 24 P.R.R. 597; and *Goffinet* v. *Polanco,* 31 P.R.R. 201; that indefinite extensions of time are null and void and the one herein granted clearly falls within that classification.

Since the extension of time is null and void, it is as if it did not exist, as if it had not been granted, and may be overlooked.

Furthermore, even if it were not so, the extension must be for only a reasonable time in harmony with the purpose of the statute, and it does not appear reasonable to make an extension for more than four years, which is the term prescribed by law.

The only remaining doubt is whether the registrar is empowered to alter the existing state of facts in the registry, and to decide for himself, as a matter of law, that such state of facts is no obstacle to the cancellation since it is apparent and not real. But considering the spirit and purpose of the statute in question and the clearness of the principle involved we have set it aside and decided the question in favor of the registrar's power to do so, whom, in accordance with our mortgage system, is more than a mere administrative officer. He has, for example, the faculty to examine a judgment and to refuse to give it effect in the registry where, according to his better judgment, he concludes that it was rendered without jurisdiction over the person or over the thing.

The note appealed from must be reversed and the registrar ordered to make the cancellation prayed for.